UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| ELIZABETH ETHERTON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| v. | ) | 22-2085 |
| | ) | |
| JOSEPH R. BIDEN, *et al.* | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| _____ | ) | |

**DEFENDANTS-APPELLEES' MOTION TO DISMISS APPEAL AS MOOT**

Defendants-Appellees move to dismiss this appeal as moot. Here, Plaintiff-Appellant challenged an interim final rule ("Rule") issued by the Secretary of Health and Human Services ("HHS") that required Head Start programs to ensure that their staff were vaccinated against COVID-19. Following briefing on competing motions before it, the District Court granted Defendants' motion to dismiss for lack of subject matter jurisdiction, holding that Plaintiff lacked Article III standing to challenge the Rule. Plaintiff appealed that decision and has argued in briefing before this Court that the District Court erred in dismissing her lawsuit. Since that appeal and the parties' briefing before this Court, the COVID-19 national emergency and public health emergency have ended and, on June 26, 2023, HHS issued a final rule that removed the vaccination requirement at issue here. Defendants maintain that Plaintiff lacked Article III standing to confer subject matter jurisdiction over her lawsuit. Nonetheless, assuming *arguendo* that Plaintiff had sufficient Article III

1

standing, Plaintiff's lawsuit would now be moot as she challenges the legality of the Rule and a vaccination requirement that is no longer in effect. Accordingly, this Court should dismiss the case as moot, as the Eleventh Circuit recently did in a case challenging the defunct transportation mask mandate of the Centers for Disease Control and Prevention ("CDC") and as the Sixth Circuit recently did in a case challenging the very same Rule at issue here. *See Livingston Educ. Serv. Agency v. Becerra*, 2023 WL 4249469, at *1 (6th Cir. June 29, 2023); *Health Freedom Def. Fund v. President*, No. 22-11287, -- F.4th --, 2023 WL 4115990 (11th Cir. June 22, 2023). Plaintiff opposes this motion and intends to file a response in opposition.

## BACKGROUND

1.  On January 31, 2020, the Secretary of Health and Human Services issued a determination that a public health emergency existed as a result of the virus that causes COVID-19. *See* HHS, *Determination that a Public Health Emergency Exists* (Jan. 31, 2020), https://perma.cc/VZ5XCT5R. That declaration was issued pursuant to section 319 of the Public Health Service Act, 42 U.S.C. § 247d, and, by statute, it would expire after 90 days unless renewed, *see id.* § 247d(a).

On March 13, 2020, then-President Trump issued a determination that the COVID-19 outbreak in the United States constituted a national emergency. *See Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak*, 85 Fed. Reg. 15,337 (Mar. 13, 2020). That declaration was

issued pursuant to 50 U.S.C. § 1621 and, by statute, it would remain in effect for one year (if not extended) or until terminated either by the enactment into law of a joint resolution of Congress or by a proclamation of the President, *see id.* § 1622(a), (d).

On April 10, 2023, President Biden signed into law a joint resolution of Congress terminating the national emergency. *See* Pub. L. No. 118-3, 137 Stat. 6 (2023). On May 11, 2023, the Secretary's declaration of COVID-19 as a public health emergency expired after having been periodically renewed over the course of the pandemic. *See, e.g.*, HHS, *Renewal of Determination that a Public Health Emergency Exists* (Feb. 9, 2023), https://perma.cc/NWQ3-L23D?type=image.

2. On November 30, 2021, the Administration for Children and Families ("ACF") within HHS published the Rule at issue in Plaintiff's appeal. *See* Interim Final Rule, Vaccine and Mask Requirements to Mitigate the Spread of COVID-19 in Head Start Programs, 86 Fed. Reg. 68,052 (Nov. 30, 2021). The Rule added to the Head Start Performance Standards a requirement that Head Start staff, volunteers, and contractors who come into contact with or provide direct services to children and families in classrooms (collectively, "Head Start personnel") be fully vaccinated against COVID-19, subject to certain exemptions. *Id.* at 68,060. With exceptions, the Rule also required universal masking for all individuals aged 2 years and older in certain settings. *Id.*

3

3.      On January 6, 2023, ACF issued a final rule regarding the vaccination and masking requirements for COVID-19 applicable to Head Start programs. *See* Mitigating the Spread of COVID-19 in Head Start Programs, 88 Fed. Reg. 993 (Jan. 6, 2023). The final rule preserved the vaccination requirement but removed the universal masking requirement, requiring instead that Head Start programs have an evidence-based COVID-19 mitigation policy developed in consultation with their Health Services Advisory Committee. *Id.* at 994.

Then, on June 26, 2023, the Secretary of HHS issued a final rule removing the Head Start COVID-19 vaccination requirement at issue in this case. HHS, *Removal of the Vaccine Requirements for Head Start Programs*, 88 Fed. Reg. 41,326 (June 26, 2023). The Secretary explained that the vaccination requirement was removed in light of: the end of the COVID-19 public health emergency and the national emergency; the fact that Head Start programs are required by a final rule issued on January 6, 2023, to have an evidence-based COVID-19 mitigation policy; and comments received on the Rule. *See id.* at 41,327. The June 26 final rule made the removal of the vaccination requirement effective immediately to avoid confusion as Head Start programs hire staff during the summer for the upcoming program year. *See id.*

4.      Plaintiff in this case challenged the Rule that required federally funded Head Start programs to ensure that their staff were vaccinated against COVID-19. In

4

September 2022, the District Court ruled from the bench and granted Defendants' motion to dismiss for lack of subject matter jurisdiction without reaching the merits of Plaintiff's claims, holding that Plaintiff lacked Article III standing to challenge the Rule. *See* JA91-100. Plaintiff's appeal of the District Court's judgment then followed on October 12, 2022. JA102. On March 1, 2023, the parties completed their briefing on Plaintiff's appeal before this Court, and this case remains pending without a decision.

## ARGUMENT

This Court should dismiss the case as moot. Plaintiff's First Amended Complaint asked the District Court to enter a permanent injunction "preventing Defendants from implementing the Rule" as well as a declaratory judgment that the Rule was unlawful and/or unconstitutional, asserting that "Plaintiff faces termination under the terms of her employer's vaccination mandate, which it issued to comply with the Head Start Rule." JA35, 63. But that Rule is no longer in effect, and any requirement for Plaintiff to be vaccinated against COVID-19 does not flow from any rule implemented by HHS or any COVID-19 vaccination requirement implemented by the Head Start Program. That development means that resolution of the dispute in this case or any further litigation of this case would have no concrete effect on Plaintiff as she is now challenging a Rule that is no longer in effect. As the Eleventh Circuit recently explained in dismissing a suit

5

USCA4 Appeal: 22-2085     Doc: 23     Filed: 07/07/2023     Pg: 6 of 14

challenging the CDC's defunct transportation mask mandate, "there is no longer any Mandate for [the Court] to set aside or uphold." *Health Freedom*, 2023 WL 4115990, at *2.

It is a familiar bedrock principle that "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (quoting U.S. Const., art. III, § 2). As Defendants have argued in their briefing on appeal, Plaintiff lacked standing to challenge the Rule at the outset, which itself means that Plaintiff's case is not properly in federal court. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) ("One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." (internal quotations omitted)). Nonetheless, assuming *arguendo* that Plaintiff did have standing, it is beyond apparent that a federal court is now without subject matter jurisdiction over this lawsuit as a matter of mootness. *Cf. Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) ("We therefore address the question of standing before turning to mootness."); *see also Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.22 (1997) ("The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).") (quotation omitted).

6

The mootness doctrine, like standing, is rooted in Article III's "case-or-controversy limitation on federal judicial power." *Lighthouse Fellowship Church v. Northam*, 20 F.4th 157, 162 (4th Cir. 2021). A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017)); *Eden, LLC v. Justice*, 36 F.4th 166, 169 (4th Cir. 2022). Absent a live stake in the litigation, a court ruling "would constitute an impermissible advisory opinion." *Lighthouse*, 20 F.4th at 162. In other words, the Court "'may only decide cases that matter in the real world' at the time [the Court] decide[s] them." *Eden*, 36 F.4th at 170 (quoting *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010)). If a ruling would not have "any practical effect," the case is moot and must be dismissed. *See Long v. Pekoske*, 38 F.4th 417, 423 (4th Cir. 2022) (quoting *Norfolk S. Ry.*, 608 F.3d at 161).

The termination of a challenged policy typically moots a case. In *Lighthouse*, for example, a church challenged two Virginia executive orders designed to combat the spread of COVID-19. 20 F.4th at 159-60. When those and other COVID-19 orders expired, the Court observed that it was "clear" that the "proceedings no longer present[ed] a live controversy, absent some exception to mootness." *Id.* at 162; *see also Eden*, 36 F.4th at 168 (challenge to West Virginia executive orders on COVID-19 was moot because the orders had been terminated

7

and were not likely to be reimposed); *Lux v. White*, 99 F. App'x 490, 492 (4th Cir. 2004) (per curiam) (repeal of challenged ordinance without indication that it would be reenacted had "clearly rendered the entire case moot").

In the same vein, a case is typically moot when factual developments provide the plaintiff with the relief he seeks. *See, e.g.*, *Eden*, 36 F.4th at 170 ("Win or lose, [plaintiffs] have already received the 'precise relief' they sought in this case."). In *Long*, for example, an individual challenged his inclusion on the government's "No Fly List." *Long*, 38 F.4th at 423. When the government removed the plaintiff from the No Fly List and assured the Court that it had no plans to re-add him, plaintiffs' challenge was moot. *Id.* As the Court explained, "any future controversy of Long's No-Fly status is not only distant and hypothetical but would also depend on a new set of facts. A declaratory judgment on his *past* status would therefore have no practical effect." *Id.*

Plaintiff seeks prospective relief from the no-longer operative Head Start COVID-19 vaccination requirement. As in *Lighthouse*, *Eden*, and other cases, because there is no longer a COVID-19 vaccination requirement to enjoin, Plaintiff's request for injunctive relief as to that requirement is thus moot. And so too is any request for declaratory relief, which cannot present a live issue unless "there is a substantial controversy . . . of sufficient immediacy and reality to

8

warrant the issuance of a declaratory judgment." *Long*, 38 F.4th at 423 (quoting *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975)). There is no such controversy here.

No exception to mootness applies here. Even before the COVID-19 public health emergency and national emergency ended, this Court and other courts rejected reliance on mootness exceptions in challenges to COVID-19 public-health measures that had been rescinded or had expired. *See Resurrection School v. Hertel*, 35 F.4th 524, 528-530 (6th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 372 (2022); (involving a Michigan agency's defunct mask mandate); *see also, e.g.*, *Brach v. Newsom*, 38 F.4th 6, 11-15 (9th Cir. 2022) (en banc) (involving defunct orders of California officials restricting in-person school operations), *cert. denied*, 143 S. Ct. 854 (2023); *County of Butler v. Governor of Pennsylvania*, 8 F.4th 226, 230-31 (3d Cir. 2021) (involving various defunct orders issued by Pennsylvania officials to curb the spread of COVID-19), *cert. denied*, 142 S. Ct. 772 (2022); *Spell v. Edwards*, 962 F.3d 175, 178-80 (5th Cir. 2020) (involving defunct stay-at-home orders issued by the Louisiana Governor). Indeed, in *Lighthouse*, this Court squarely rejected the applicability of two exceptions to mootness where "the state of emergency [with respect to COVID-9] ended," and the executive orders being challenged had expired. 20 F.4th at 163.

Likewise, after the COVID-19 public health emergency and national emergency ended, courts—including the Supreme Court—have found challenges

9

to defunct pandemic-control mandates implemented by the federal government to be moot. *See Health Freedom*, 2023 WL 4115990, at *2-4 (concluding that the challenge to the CDC's expired transportation mask mandate was moot and that no exception applied); *id*. at *4 (explaining that the Supreme Court in *Arizona v. Mayorkas*, 143 S. Ct. 1312 (2023) (mem.), had dismissed as moot a motion by a collection of States to intervene in a case involving the CDC's "Title 42 orders"—emergency immigration decrees designed to prevent the spread of COVID-19—and that Justice Gorsuch's separate statement indicated that the Court's decision was based on the end of the public health emergency underlying the Title 42 orders)); *State of Louisiana v. CDC*, No. 22-30303 (5th Cir. June 13, 2023) (per curiam) (vacating a preliminary injunction and remanding to the district court with instructions to dismiss as moot challenges to the same Title 42 orders). Particularly on point is the Sixth Circuit's recent decision in *Livingston*, which dealt with a challenge to the Rule and where that court unequivocally stated that "[w]ith the vaccine requirement rescinded, the requested relief would have no bearing on the plaintiffs' rights," and "[t]herefore, th[at] case [wa]s moot." 2023 WL 4249469, at *1. So too here.

As in these other cases, the "voluntary cessation" exception to mootness does not apply to Plaintiff's case because the challenged Rule here was ended in response to changed conditions related to COVID-19, not to avoid litigation. For

10

example, in *Lighthouse*, this Court held that it was "satisfied that the gradual easing of restrictions in the Commonwealth was in response to changed circumstances concerning COVID-19 and not in response to litigation." 20 F.4th at 164. And other courts have likewise found the voluntary cessation exception inapplicable where COVID-19 measures are rescinded "not in response to [a] lawsuit, but eight months later, along with several other pandemic-related orders," and where governmental entities cite items such as "high vaccination rates, low case counts, new treatment options, and warmer weather" as a basis for removing such measures. *Resurrection School*, 35 F.3d at 529.

    Here too, the Secretary removed the Head Start vaccination requirement after previously making changes to the mask requirement in the original Rule and ultimately in response to changed conditions including the end of the COVID-19 public health emergency and national emergency. *See* 88 Fed. Reg. at 41,328 (noting that COVID-19 deaths have declined by 97% and hospitalizations have declined by nearly 81% since the IFR was issued in November 2021).[1] Moreover, the Secretary explained that children under age 5—who had not been eligible for

---

[1] The expiration of the public health emergency had many consequences unrelated to the Rule at issue here. *See, e.g.*, HHS, *Fact Sheet: COVID-19 Public Health Emergency Transition Roadmap (Feb. 9, 2023)*, https://perma.cc/CDL8-QCQR; Lisa M. Gomez, U.S. Dep't of Labor, *What Does the End of the COVID-19 Public Health Emergency Mean for Health Benefits?* (Mar. 29, 2023), https://perma.cc/FYC7-CR36.

11

the COVID-19 vaccine when the Rule was issued—are now eligible for the COVID-19 vaccine, which is now included in the CDC's schedules for childhood immunizations. *See id*. at 41,328-29. As a result, there is no "reasonable chance" that the challenged vaccination requirement will be reinstated if this case is dismissed as moot. *Lighthouse*, 20 F.4th at 162.

For similar reasons, this case also does not fall within the narrow exception for disputes that are "capable of repetition yet evading review." *Id.* at 165. As the Eleventh Circuit observed in addressing the CDC's defunct transportation mask mandate, "the COVID-19 pandemic of 2020 is often compared to the influenza pandemic of 1918." *Health Freedom*, 2023 WL 4115990, at *4. "Given the primary comparator occurred over a century earlier," there is "simply . . . no reasonable basis to conclude the same parties will be involved in a future controversy if a similar situation ever does arise again." *Id.*; *see also Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 560 (6th Cir. 2021) (explaining that the "alleged injury and the plaintiffs' motion for a preliminary injunction are inextricably tied to the COVID-19 pandemic, a once-in-a-century crisis").

Accordingly, this Court should dismiss this appeal.

## CONCLUSION

For the foregoing reasons, this appeal should be dismissed

Dated: July 7, 2023                    Respectfully submitted,

12

JESSICA D. ABER
UNITED STATES ATTORNEY

LAUREN A. WETZLER
Chief, Civil Division

*By*: _____/s/_____
YURI S. FUCHS
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:  (703) 299-3872
Fax:  (703) 299-3983
Email: yuri.fuchs@usdoj.gov

*Counsel for Defendants-Appellees*

13

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2023, I electronically filed the foregoing using the CM/ECF system, which will send a notification of electronic filing to the following counsel of record:

Reilly Stephens<br>
Liberty Justice Center<br>
440 N. Wells Street, Suite 200<br>
Chicago, Illinois 60654<br>
312-637-2280<br>
rstephens@libertyjusticecenter.org

_____/s/_____
Yuri S. Fuchs
Assistant U.S. Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3872
Fax: (703) 299-3983
Email: yuri.fuchs@usdoj.gov